UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KATHRINA M. FARNHAM, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:14-cv-247-JHR |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM DECISION[1]

In this Child's Disability Benefits case,[2] the plaintiff contends that the administrative law judge's findings are not supported by substantial evidence and that the administrative law judge gave inappropriate weight to certain opinion evidence. I affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that, prior to attaining age 22, the plaintiff suffered from mood disorder, personality disorder, and post-traumatic stress disorder, impairments that were severe, but which, considered separately or in combination, did not meet or medically

---

[1] The parties have agreed to have me preside over all proceedings in this action, including the entry of judgment. ECF No. 16.
[2] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 11, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 40-42; that, prior to attaining age 22, the plaintiff had the residual functional capacity ("RFC") to perform work at all exertional levels, and could understand, remember, and carry out simple instructions, make simple work-related decisions, respond appropriately to coworkers, supervisors, and work situations not involving the public, and adapt to changes in an ordinary work setting, Finding 5, *id.* at 43; that, prior to attaining age 22, the plaintiff was unable to return to any past relevant work, Finding 6, *id.* at 49; that, given her age (21 on the alleged date of onset of disability), at least high school education, work experience, and RFC, and using the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id.*; and that, therefore, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, at any time prior to her twenty-second birthday, Finding 11, *id.* at 50.  The Appeals Council declined to review the decision, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work

2

other than her past relevant work.  20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I.    Discussion

### A.  Substantial Evidence

The plaintiff complains that the evidence cited by the administrative law judge in support of his conclusions that the plaintiff had only moderate restrictions in activities of daily living, social functioning, and concentration, persistence, or pace, does not meet the requirement that such evidence be substantial.  Plaintiff's Statement of Errors ("Itemized Statement") (ECF No. 14) at 7-11.  She discusses each exhibit cited by the administrative law judge.[3]

First, and most important, the plaintiff does not suggest how a different finding on each of these Step 3 criteria would necessarily lead to a different result on her application.  In order to succeed at Step 3, where the criteria at issue are involved in the sequential evaluation process as Part B of each relevant Listing,[4] the plaintiff must establish that the Part A criteria are met as well. Listings 12.04, 12.06, 12.08.  The administrative law judge made no findings as to the Part A criteria of each Listing.  The plaintiff does not suggest that she intends her discussion of these Part B criteria to apply to any other section of the administrative law judge's decision.

---

[3] The plaintiff also complains that the administrative law judge "provides no reference to specific pages [of the cited exhibits] or specific [sic], failed to quote statements by the Plaintiff or by any provider to support these conclusory findings."  Itemized Statement at 8.  To the extent that the plaintiff intends this observation to serve as a ground for remand, it fails.  *See, e.g., Hamilton v. Commissioner of Soc. Sec.*, Civil Action No. 2:12-cv-02, 2013 WL 1282527, at *2 (S.D. Ohio Mar. 27, 2013).  *See also Johnson v.* Colvin, No. 1:13-cv-406-DBH, 2014 WL 5394954, at *2 (D. Me. Oct. 21, 2014).

[4] The plaintiff does not specify any Listing other than those explicitly considered by the administrative law judge, Listings 12.04, 12.06, and 12.08.  Record at 42.

Nonetheless, I will address each of the plaintiff's complaints about the administrative law judge's treatment of specific exhibits.

Exhibit 4E is an adult function report reporting information provided by the plaintiff. Record at 446-53. The plaintiff complains that the administrative law judge "ignore[d]" some of the information that she provided. Itemized Statement at 8. The administrative law judge is not required to address every factual statement made by a claimant, particularly where, as here, he has found the plaintiff's "statements concerning the intensity, persistence and limiting effects of [her reported] symptoms are not entirely credible for the reasons explained in this decision." Record at 44. The plaintiff does not challenge this credibility finding. The plaintiff proffers no reason or argument to support her implied contention that the administrative law judge was required to adopt all of her subjective reports about the effects of her symptoms.

Exhibit 7E is another adult function report from the plaintiff. *Id*. at 468-76. The plaintiff merely quotes four statements from this form, without any arguments or explanation. Exhibit 11E is an adult function report filled out by a friend of the plaintiff. Again, the plaintiff merely quotes selected statements from this form without any argument or explanation as to what value they have for her appeal. The administrative law judge gave "little weight to these statements as they are from a non-medical source, and the degree of limitations implied [is] not substantiated in the evidence." *Id*. at 48. The plaintiff has not challenged this assessment.

Exhibit 5F is a form giving instructions to the plaintiff when she was released from an emergency room or walk-in visit to a hospital in North Conway, New Hampshire. *Id*. at 712. Her assertion that "[t]here is no statement in this Exhibit that supports any of the ALJ's conclusions regarding the Plaintiff's activities[,]" Itemized Statement at 9, is erroneous. The administrative law judge cited this exhibit to support the statement that "[d]espite her alleged difficulty getting

along with others, the evidence shows that the claimant was able to maintain a long-term relationship with her boyfriend for several years[.]" Record at 42. Exhibit 5F reports that the plaintiff's boyfriend was with her at the hospital on May 25, 2008. *Id*. at 713, 716. Exhibit 27F, of which the plaintiff says "Dr. Shems' opinions contradict the ALJ's conclusions[,]" Itemized Statement at 10, is also cited only for the same purpose as Exhibit 5F, Record at 42, and reports that the plaintiff "now had a relationship that lasted about three years" as of October 27, 2011. *Id*. at 1488, 1489.

Exhibit 18F is an emergency department record from St. Mary's Regional Medical Center, dated July 23, 2010, *id*. at 821, that is cited by the administrative law judge as evidence of the plaintiff's relationship with her boyfriend ("husband" in this record, *id*. at 822), *id*. at 42, and that "multiple examiners have found her memory to be intact, and her attention span and concentration to be either intact or normal[,]" *id*. at 43. The exhibit does provide that evidence. *Id*. at 822, 823. The plaintiff's assertion that "no support for the ALJ's conclusions exists in this Exhibit[,]" Itemized Statement at 9, is incorrect. The same is true of Exhibits 33F and 34F, of each of which the plaintiff erroneously asserts that "this Exhibit has no relevance to the ALJ's conclusions." *Id*. at 11. The support for the propositions for which the administrative law judge cited these two exhibits is found at pages 1542, 1547, 1553-54 of the administrative record. The cited pages of these exhibits are in fact relevant to the conclusions for which they are cited as support. Exhibit 19F is properly cited by the administrative law judge, *id*. at 43, for the proposition that examiners found her memory to be intact, and her attention span and concentration to be intact or normal. *Id*. at 827, 830, 832, 843.

The plaintiff argues that, because Exhibits 23F and 24F are lengthy exhibits, the administrative law judge's failure to provide specific page citations "makes his reliance on this

Exhibit of no value." Itemized Statement at 9-10. As noted in footnote 3 above, this argument is incorrect as a matter of law. Neither exhibit is cited as the sole support for any proposition in the administrative law judge's opinion, Record at 42, 43, 44, 45, 47, and, therefore, assuming *arguendo* that the plaintiff's challenge has merit, any error in citing these exhibits could not have been harmful.

The plaintiff next asserts that Exhibit 32F "ha[s] no relevance to the Plaintiff's claim." Itemized Statement at 10. It does not appear that the exhibit is cited in the administrative law judge's opinion, and, therefore, this argument does not demonstrate error.

The plaintiff asserts, in conclusory fashion, without any citation to specific pages, that the records in Exhibit 37F "support the Plaintiff's severe mood swings, anger, PTSD, and personality disorder." *Id.* at 11. The administrative law judge cited this exhibit as one of several supporting his conclusions regarding the plaintiff's activities of daily living, social functioning, and concentration, persistence, or pace. Record at 42-43. Therefore, even if the administrative law judge's citation of this exhibit for those points were erroneous, that error can only have been harmless.

The plaintiff is not entitled to remand on the basis of any of these asserted errors.

## B. Weight Given to Expert Opinions

The plaintiff presents several arguments under this general heading. Itemized Statement at 12-17. None is successful.

The plaintiff contends that the administrative law judge's evaluations of the opinions of Dr. Barbara J. McKim, a treating psychologist,[5] Dr. Christopher Muncie, an examining

---

[5] The defendant disputes that Dr. McKim was a treating source, contending that the record instead demonstrates that she was merely a neuropsychological examiner. Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 19) at 9. Resolution of this issue is not necessary in order for the court to be able to rule on the plaintiff's challenge to the administrative law judge's weighing of Dr. McKim's opinions.

psychologist, and Dr. Ira Hymoff, the psychologist who testified as an expert at the hearing, are flawed. *Id*. at 12. Her first specific argument is based on an assertion that "these opinions were given when the Plaintiff was not taking her medications." *Id*. The administrative law judge gave Dr. McKim's opinions "little weight, as Dr. McKim appears to have based them in part on the claimant's subjective statements, and the evaluation was performed during a prolonged period of non-compliance with medications[] and psychiatric follow-up plans." Record at 48 (citations omitted).

The administrative law judge gave Dr. Muncie's conclusion "only limited weight, as Dr. Muncie only examined the claimant on one occasion and appears to have based his statements in large part on the claimant's subjective statements. It is also inconsistent with the evidence as a whole, including the client's reported activities of daily living." *Id*. He said that he gave Dr. Hymoff's testimony "little weight"

> as he gave great weight to [] Dr. Muncie's opinion, which was made in the context of ongoing noncompliance with mood stabilizing medications and, as found below[,] appears to be based in large part on the claimant's subjective allegations. Although Dr. Hymoff[] also stated that there was no pattern that said that when totally compl[ia]nt with medications the claimant was more functional, and that there is no clear record to indicate that her medications have been helpful, as noted above, the claimant has reported increased symptoms during periods when she was not taking her medications, and her prior treating psychiatrist, Dr. Singh[,] noted improvement, and found her to be psychiatrically stable and functioning reasonably well during periods when she was taking her medications as prescribed.

*Id*. at 46 (citations omitted).

The plaintiff states that the administrative law judge relied only on Exhibits 15F, 16F, and 19F in reaching his conclusions, and that reliance on Exhibits 15F and 16F was "misplaced" because they report only on a mental health crisis that occurred just after the plaintiff gave birth, when she was prescribed no medications for that reason. Itemized Statement at 12-13. The

7

plaintiff's characterization of the administrative law judge's citation of authority in support of his assignment of weight to these three opinions is incorrect. That portion of the decision also refers to Exhibits 7F, 8F, 13F, and 26F. Record at 48. In addition, the administrative law judge's statement was merely that Exhibits 15F, 16F, and 19F show that the plaintiff reported increased mental symptoms when she was not taking her medications, whatever the reason for not taking them, and that statement is correct. *E.g.,* Record at 774 (Exhibit 15F), 783 (Exhibit 16F), 835, 840-41 (Exhibit 19F).

The plaintiff admits that "some of Dr. Singh's office notes [in Exhibit 19F] indicate that the Plaintiff is doing better on her medications." Itemized Statement at 13. Nonetheless, she contends that the administrative law judge should have disregarded this evidence because some of Dr. Singh's notes also indicate that she showed periodic mood fluctuations while presumably taking her prescribed medications and because she herself reported psychological symptoms. *Id.* She cites no authority in support of this argument, and I am aware of none that requires an administrative law judge to accept a claimant's subjective reports of symptoms of mental impairments over inconsistent medical evidence. Similarly, there is no authority that requires an administrative law judge to reject medical evidence that medication improves a claimant's symptoms merely because some symptoms, of undefined severity, continued to occur during a period when the claimant was taking medication as prescribed.

The plaintiff also contends that the administrative law judge was required to give Dr. McKim's opinions "greatest weight" because her evaluation of the plaintiff's mental impairments is "the most comprehensive evaluation" in the record. *Id.* at 15-16. She cites no authority in support of this assertion. This argument ignores other, inconsistent evidence in the record that was discussed at length by the administrative law judge, Record at 44-49, and the fact that a state-

agency reviewing psychologist, Dr. Bryan Stahl, who reviewed Dr. McKim's opinions, *id*. at 123, and Dr. Muncie's report, *id*. at 124, reached conclusions consistent with those of the administrative law judge.[6]  The plaintiff does not establish that the administrative law judge could not permissibly rely on the state-agency evaluations of the psychological evidence.  *See, e.g., Brown v. Astrue*, No. 2:10-cv-27-DBH, 2010 WL 5261004, at *2 (D. Me. Dec. 16, 2010).  The same is true of the plaintiff's circular argument that Dr. Muncie's opinions "should have been given substantial weight" because they "support" those of Dr. McKim and Dr. Hymoff.  Itemized Statement at 17.

Lastly, the plaintiff argues that the administrative law judge "should have given Dr. Hymoff's opinions controlling . . . weight." *Id.*  However, if the opinions of a treating physician may not be given controlling weight when there is evidence in the record that is inconsistent with those opinions, 20 C.F.R. § 404.1527(c)(2); *see, e.g., Enman v. Colvin*, No. 2:13-cv-307-DBH, 2014 WL 5394577, at *4 (D. Me. Oct. 21, 2014), surely the opinions of a non-examining medical expert cannot be given controlling weight under the same circumstances, which are present here. The plaintiff cites no authority in support of her contrary assertion.

## II.    Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED.**


Dated this 21st day of April, 2015.


                                        /s/  John H. Rich III
                                        John H. Rich III
                                        United States Magistrate Judge

---

[6] At oral argument, the plaintiff's attorney contended that Dr. Stahl's opinions should be discounted because he did not have the benefit of the medical expert's testimony at the hearing, but a state-agency reviewer could never have the benefit of such testimony, as those reviews are always completed before hearing.  More important, as the defendant's attorney pointed out, the plaintiff did not show that the medical expert relied on evidence that was not available to Dr. Stahl.  A mere difference of opinion between two no-examining psychologists cannot require the administrative law judge to reject the opinion that was rendered earlier in time.